```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

THOMAS E. PEREZ, SECRETARY OF THE
UNITED STATES DEPARTMENT OF
LABOR,

        Plaintiff,
v.                              Case No. 8:16-cv-222-T-33JSS

CUSTOMER CARE SERVICES, LLC, ET
AL.,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Customer Care Services, LLC, "GMR" Global Marketing Resources, LLC, Erica Koenig, and Scott David Alan Hedger's Motion to Set Aside Default and Motion for Leave to File Responsive Pleading (Doc. # 21), filed on April 11, 2016. Plaintiff, the Secretary of United States Department of Labor, filed a Response in Opposition to the Motion on April 25, 2016. (Doc. # 22). The Motion is granted as follows.

**I.**     **Background**

On January 28, 2016, the Secretary filed a Complaint alleging that Defendants violated the minimum wage and overtime requirements of the Fair Labor Standards Act. (Doc. # 1). On March 28, 2016, the Secretary filed an Application for Entry of Clerk's Default against Hedger. (Doc. # 11). The

Secretary supported the Application with proof of service documentation explaining that personal service was effected on Hedger at a state courthouse in Polk County, Florida. (Doc. # 12). The Clerk entered a Rule 55(a), Fed. R. Civ. P., Default against Hedger on March 29, 2016. (Doc. # 13).

Thereafter, on April 8, 2016, the Secretary filed an Application for Entry of Default as to the remaining Defendants, Koenig, "GMR" Global Marketing Resources, LLC, and Customer Care Services, LLC "for failure of said Defendants to answer, plead, or otherwise defend as required by law." (Doc. # 15). The Secretary supported the Application with an affidavit and return of service documentation. (Doc. ## 15-1, 16). The Clerk entered Rule 55(a), Fed. R. Civ. P., Defaults against Koenig, "GMR" Global Marketing Resources, LLC, and Customer Care Services, LLC on April 11, 2016. (Doc. ## 17-19).

On April 11, 2016, Robert W. Rasch, Esq. entered a Notice of Appearance on behalf of all named Defendants (Doc. # 20), accompanied by the Motion to Set Aside Default and Motion for Leave to File Responsive Pleading. (Doc. # 21). In connection therewith, counsel tendered the affidavit of Defendant Hedger and a proposed Answer and Affirmative Defenses. (Doc. # 21).

2

Among other Defenses, Defendants postulate that they "relied on the Plaintiff DOL representatives' representations and DOL regulations that withholding money from employees' paychecks to pay for required licenses was not considered by the DOL as a reduction in the minimum wage." (Id. at 13). Defendants also contend that they "operated at all times in good faith" and "did not engage in any willful unlawful conduct." (Id.).

The Secretary argues that the Court should not set aside entry of the Clerk's Defaults because Defendants "have engaged in a pattern of deception and misconduct that has and continues to deprive their employees of proper compensation" and "have willfully and culpably disregarded the judicial process such that default should not be set aside." (Doc. # 22 at 1-2). The Court will address these issues below.

## II. Discussion

A district court can set aside a clerk's default "for good cause shown." Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996).

The Eleventh Circuit has noted that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). In determining whether to set aside a Clerk's entry of default, courts generally consider the following factors: (1) whether the default is culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, S.A., 88 F.3d at 951. Additional factors include: (4) whether the public interest is implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the defaulting party acted promptly to correct the default. See Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC, No. 09-cv-60756, 2010 U.S. Dist. LEXIS 12700, at *10 (S.D. Fla. Jan. 28, 2010).

In this case, the Court's analysis of the relevant factors leads to the conclusion that Defendants have demonstrated good cause to set aside the Clerk's entry of Default as to each Defendant.

Concerning the willfulness or culpability of the Defaults, the Secretary points out that Defendants Hedger and Koenig moved their residence without informing the Secretary,

4

that Defendants failed to supply promised documents in response to an administrative subpoena, and that Hedger failed to complete a financial affidavit (and instead provided financial information in an unsigned document). By raising these issues and others, the Secretary points out conduct calling into question Defendants' veracity in on-going settlement negotiations.[1] The Court acknowledges that "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Compania Interamericana Export-Import, S.A., 88 F.3d at 952. Here, the Secretary has not convinced the Court that the Defaults, entered against pro se parties before the retention of counsel, should stand based on willfulness or culpability.

Consideration of the remaining factors leads to a determination that the Defaults should be set aside. As an initial matter, Defendants correctly point out that the Secretary will face little prejudice if the Defaults are set aside because this litigation is in its infancy, with the Secretary having filed the Complaint on January 28, 2016. On

---

[1] "Mr. Hedger has been in regular and near constant negotiations with the DOL for 1 - $1^{1/2}$ years over these allegations of violation of the Fair Labor Standards Act." (Doc. # 21 at 6).

5

the other hand, Defendants will experience significant financial prejudice in the instance that the Defaults are not set aside. Sophia Haynes, counsel for the Secretary, has filed a Declaration tallying up FLSA back wages sought in the amount of $78,380.73. (Doc. # 22-1 at ¶¶ 4-6). The Secretary also seeks an equal amount in liquidated damages, raising the amount to $156,761.46. (Doc. # 1). These amounts demonstrate that Defendants will experience financial hardship if the Defaults are not set aside.

In addition, Defendants have tendered a proposed Answer and, without making a merits determination at this early juncture, the Court determines that Defendants have presented facially valid defenses to the Secretary's allegations. Furthermore, "the public interest is best served when the Court rules on the merits," rather than in the posture of a default judgment. Dunkin' Donuts Franchising, LLC v. Gulf to Bay Donuts, Inc., 8:10-cv-1087-T-24-TBM, 2010 U.S. Dist. LEXIS 93409, at *6 (M.D. Fla. Aug. 18, 2010); see also Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1333 (11th Cir. 2014)(reversing a district court's denial of a defendant's motion to file an answer out of time, reversing entry of judgment in favor of plaintiff, and explaining that the court "strives to afford a litigant his or her day in court, if

6

possible.").

Last, the Court notes that Defendants did not delay in seeking an Order to set aside the Defaults. As previously noted, the Clerk entered a Default against Hedger on March 29, 2016, and entered Defaults against the remaining Defendants on April 1, 2016. Defendants retained counsel and moved to set aside the Defaults on April 11, 2016.

The relevant factors to be considered militate in favor of setting aside the Clerk's entry of Default as to each Defendant. Thus, upon due consideration, the Court sets aside the Clerk's entry of Default as to each Defendant and authorizes Defendants to file their proposed Answer and Affirmative Defenses on or before **May 4, 2016**.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Customer Care Services, LLC, "GMR" Global Marketing Resources, LLC, Erica Koenig, and Scott David Alan Hedger's Motion to Set Aside Default and Motion for Leave to File Responsive Pleading (Doc. # 21) is **GRANTED.**

(2) The Clerk's entry of Default as to each of the Defendants (Doc. ## 13, 17-19) is **SET ASIDE** pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

(3) Defendants are authorized to file their proposed Answer

and Affirmative Defenses on or before **May 4, 2016**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of April, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE